IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MARIBETH BROWN,** | ) |
| | ) |
| Plaintiff, | )   3:13-cv-226 |
| | ) |
| v. | ) |
| | ) |
| **DIVERSIFIED COLLECTION** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MARIBETH BROWN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DIVERSIFIED COLLECTION SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MARIBETH BROWN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Blanchardville, County of Green, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to American Education Services (hereinafter, "the Debt").

1

6. The Debt was for a student loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DIVERSIFIED COLLECTION SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin.  Defendant is incorporated in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In June 2012, prior to on or about June 6, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. Defendant initiated the aforesaid telephone call to Plaintiff at her residence.

16. At the time Defendant initiated the aforesaid telephone to Plaintiff's residence, Defendant left Plaintiff a voicemail message in an attempt to collect the Debt.

17. At the time Defendant left the voicemail message at Plaintiff's residence, Plaintiff's outgoing voicemail message at her residence did not identify Plaintiff by name such that any caller could reasonably conclude that only Plaintiff would be listening to voicemail messages.

18. At the time Defendant left the voicemail message at Plaintiff's residence, Defendant stated the message was being left for Plaintiff.

19. At the time Defendant left the voicemail message for Plaintiff, Defendant's duly authorized representative stated she was calling from Defendant.

20. At the time Defendant left the voicemail message for Plaintiff, Defendant stated it was a debt collector.

21. At the time Defendant left the voicemail message for Plaintiff, Defendant stated it was calling in an attempt to collect a debt and that any information obtained would be used for that purpose.

22. At the time Defendant left the voicemail message for Plaintiff, Plaintiff's fiancé was residing with Plaintiff.

23. Plaintiff's fiancé heard the contents of the voicemail message Defendant left for Plaintiff.

24. Plaintiff's fiancé informed Plaintiff that he heard the contents of the voicemail message Defendant left for Plaintiff.

25. Plaintiff did not consent to Defendant communicating with third-parties.

26. On or about June 6, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

27. Defendant initiated the telephone call to Plaintiff at her place of employment.

28. Defendant then engaged in a telephone conversation with Plaintiff wherein Defendant attempted to collect the Debt.

29. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that it was inconvenient for her to speak to Defendant at that time.

30. Plaintiff further requested that Defendant contact her at another time as she was presently busy at her place of employment.

31. Plaintiff then requested that Defendant contact her at an alternative telephone number.

32. Defendant told Plaintiff that it would not contact Plaintiff at an alternative telephone number unless Plaintiff agreed to pay the Debt.

33. Defendant refused to contact Plaintiff at an alternative telephone number.

34. Despite Plaintiff having informed Defendant that it was inconvenient for her to speak to Defendant at that time, Defendant continued to attempt to collect the Debt from Plaintiff during the aforesaid telephone conversation.

35. During the course of the aforesaid telephone conversation, Defendant told Plaintiff if she did not pay the Debt then Defendant would take her to court on June 8, 2012, (i.e. two (2) days later).

36. Defendant further told Plaintiff that if she did not pay the Debt then on June 8, 2012, (i.e. two (2) days later) Defendant would garnish her wages while at court.

37. Defendant's representations to Plaintiff during the aforesaid telephone conversation, had the effect of conveying to an unsophisticated consumer that a lawsuit had already been filed against Plaintiff relative to the Debt and that a court date had been scheduled on June 8, 2012, relative to the putative lawsuit filed against Plaintiff.

38. At the time Defendant made the aforesaid representations to Plaintiff, no lawsuit had been filed against Plaintiff relative to the Debt.

39. Defendant's representations that a lawsuit had already been filed against Plaintiff relative to the Debt were false, deceptive and/or misleading given that at the time Defendant made the representations no lawsuit had been filed against Plaintiff relative to the Debt.

40. Defendant's representations that a lawsuit had already been filed against Plaintiff relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that at the time Defendant made the representations no lawsuit had been filed against Plaintiff relative to the Debt.

41. Prior to June 8, 2012, Plaintiff did not pay Defendant relative to the Debt.

42. Defendant did not commence garnishment proceedings against Plaintiff relative to the Debt on June 8, 2012.

43. Defendant's representations to Plaintiff during the aforesaid telephone conversation that Defendant would garnish Plaintiff's wages on June 8, 2012, if the Debt was not paid were false, deceptive and/or misleading given that Defendant did not commence garnishment proceedings against Plaintiff on June 8, 2012, despite Plaintiff not having made a payment to Defendant relative to the Debt.

44. Defendant's representations to Plaintiff during the aforesaid telephone conversation that Defendant would garnish Plaintiff's wages on June 8, 2012, if the Debt was not paid misrepresented the character, nature and/or legal status of the Debt given that Defendant did not commence garnishment proceedings against Plaintiff on June 8, 2012, despite Plaintiff not having made a payment to Defendant relative to the Debt.

45. In or around June 2012, during a telephone call between Plaintiff and Defendant, Defendant informed Plaintiff that she had to provide Defendant with her bank account information so that she could pay the Debt.

46. In or around June 2012, due to Defendant's representations made to Plaintiff, as delineated above, Plaintiff believed she had no choice but to provide Defendant with her bank account information.

47. In or around June 2012, due to Defendant's representations, as delineated above, Plaintiff provided Defendant with her bank account information.

48. Upon information and belief, Defendant made threats to Plaintiff regarding the consequences she would face if she did not pay the Debt in an attempt to coerce Plaintiff into making a payment to Defendant.

49. Defendant's conduct during its attempts to collect the Debt from Plaintiff, as delineated above, that coerced Plaintiff into providing her bank account information to Defendant was unfair and/or unconscionable.

50. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information

concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

f. Falsely represented that services had been rendered or compensation was due and that such services and compensation may be lawfully received by a debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

51. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARIBETH BROWN, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **MARIBETH BROWN**

    By:    s/ David M. Marco
          Attorney for Plaintiff

Dated: April 1, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:     dmarco@smithmarco.com